# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| NYCERE BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-1463 CEJ |
| | ) | |
| UNKNOWN WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Nycere Bey for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B), because it is legally frivolous.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, claiming violation of his rights under the First, Fourth, Fifth, and Sixth Amendments. Defendant Unknown White is a police officer with the City of Ferguson Police Department.

Plaintiff alleges that the defendant pulled him over during a traffic stop "for no apparent reason." After asking plaintiff for identification, plaintiff claims that defendant "assumed jurisdiction over him," pulled him out of his vehicle[1], "kidnapped him," and had him taken to the Ferguson Police Department to be booked. Plaintiff alleges that he was not given a reason for the arrest and was not advised of his rights. Plaintiff also alleges that his vehicle was searched by the defendant without a warrant.

---

[1] Plaintiff uses the word "vessel" which the Court interprets as "vehicle."

Plaintiff alleges that he is a Moor; in four other lawsuits he filed on the same day he filed the instant action, plaintiff asserts that he is immune from state and federal law as a result of his membership in the Moorish Nation.[2] Although the other cases are not identical, the allegations are similar and are instructive to the Court's evaluation of the instant case.

For example, in Bey v. Calverton Park Police, plaintiff complains that "Calverton Park "violated [his] civil rights and indigenous rights." 4:12CV1459 CDP (E.D. Mo.). He claims that "Calverton Park police was called by another police corporation to kidnap me, after I tried to explain to them I denounced my U.S. citizenship and proclaimed my nationality as a Moor and that we are a sovereign body and require no drivers license for our travel and the only laws that apply to us are the laws of the Republic they refused to listen to me and proceeded in kidnapping me under my now copywritten [sic] straw name." Plaintiff further asserts that he went to Court in Calverton Park in August and "recently came as my newfound free name Nycere Bey secure party for my straw name Curtis Lamarr Flannagan and tried to explain that I am a sovereign national and they didn't have jurisdiction and the Judge

---

[2] The other cases plaintiff filed are: See Bey v. Calverton Park Police, 4:12CV1459 CDP (E.D. Mo.); Bey v. City of Ferguson Police, 4:12CV1460 HEA (E.D. Mo.); Bey v. St. Louis County Police Department, 4:12CV1461 SNLJ (E.D. Mo.); and Bey v. Linville, 4:12CV1462 FRB (E.D. Mo.).

ignored me put a warrant out for my straw name and arrest and they kidnapped me."

In <u>Bey v. City of Ferguson Police</u>, plaintiff claims that there are laws that "protect Moors from Constitutional infringements." 4:12CV1460 HEA (E.D. Mo.). Plaintiff claims that he "informed the Ferguson police men that they kidnapped me that they did not have jurisdiction to arrest me, but they refused my warning and proceeded with violating my rights." Plaintiff alleges that the City of Ferguson "disregarded the fact that I am not a member of their society and haven't broken any laws."

In <u>Bey v. St. Louis County Police Department</u>, plaintiff alleges that "St. Louis County Police ignored the fact that I told them I am now a sovereign secure party for the Curtis Lamarr Flanagan Corporation which means I have a lien on my old name and my social security number. Knowing this, they still wrote me tickets for court and they even participated in kidnapping me, violated my sixth amendment right is what they did and falsely imprisoned me for four days." 4:12CV1461 SNLJ (E.D. Mo.). Plaintiff requests that "St. Louis County police pay money for copywrite enfringement [sic] and kidnapping of a sovereign Moor."

**Discussion**

The complaint is silent as to whether defendant White is being sued in his official or in his individual capacity. Where a "complaint is silent about the capacity

in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989).

Naming a government official in his official capacity is the equivalent of naming the government entity that employs the official - in this case, the City of Ferguson. To state a claim against a municipality or a government official in his official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of the City of Ferguson was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Moreover, as noted above, fatal to plaintiff's claims are his own admissions (made in the other cases filed in this Court) that he did not have a driver's license and that there was an outstanding warrant for his arrest at the time he was pulled over by defendant White. Additionally, the Court notes that to the extent that plaintiff is claiming some sort of immunity from state or federal laws in this case, the United States does not recognize the Moorish Nation as a sovereign state. See Benton-El v. Odom, 2007 WL 1812615 *6 (M.D. Ga. June 19, 2007); Osiris v. Brown, 2004 WL

2044904 *2 (D.N.J. Aug. 24, 2005); <u>Khattab El v. United States Justice Dept.</u>, 1988 WL 5117 *2 (E.D. Pa. Jan. 22, 1988). And plaintiff cannot bestow sovereign immunity upon himself. <u>See</u> <u>United States v. Lumumba</u>, 741 F.2d 12, 15 (2d Cir. 1984).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 13th day of September, 2012.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE